**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000529
29-NOV-2011
08:15 AM**

NO. CAAP-11-0000529

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


NARCISO H. YU, JR.,
Plaintiff/Counterclaim-Defendant/Appellant,
v.
REYNOLD MASATOSHI HIRAZUMI and JAVA HAWAII INVESTMENT,
Defendants/Counterclaim-Plaintiffs/Cross-Claim
Plaintiffs/Appellees,
and
MIN YOUNG WOO (AKA) ALSO KNOWN AS ALISA WOO,
Defendant/Cross-Claim Defendant/Appellee,
and
JOY REALTY,
Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-0094)


ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of the record, it appears that we lack

jurisdiction over this appeal that Plaintiff/Counterclaim-

Defendant/Appellant Narciso H. Yu, Jr. (Appellant Yu), has

asserted from the Honorable Karl K. Sakamoto's June 2, 2011

"Order Granting Motion to Dismiss, or in the Alternative, for

Summary Judgment Filed April 4, 2011" (the June 2, 2011 interlocutory order), because the June 2, 2011 interlocutory order is not independently appealable, and, furthermore, even if the June 2, 2011 interlocutory order were independently appealable, Appellant Yu's appeal would be untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The supreme court has promulgated Rule 58 of the Hawaii Rules of Civil Procedure (HRCP), which specifically requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58 (emphasis added). Based on this requirement under HRCP Rule 58, the supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 119, 869 P.2d at 1338. The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a

separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). For example, the supreme court has explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphases added).

The June 2, 2011 interlocutory order is not a judgment, nor has the circuit court reduced the June 2, 2011 interlocutory order to a separate judgment that is appealable, as HRCP Rule 58 requires under the holding in. Absent an appealable final judgment, we lack jurisdiction over appellate court case number CAAP-11-0000529.

Even assuming, arguendo, that the June 2, 2011 interlocutory order was an independently appealable order, Appellant Yu did not file his July 7, 2011 notice of appeal within thirty days after entry of the June 2, 2011 interlocutory order, as HRAP Rule 4(a)(1) requires for a timely appeal. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice thereof is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."). Therefore,

-3-

IT IS HEREBY ORDERED that Appeal No. CAAP-11-0000529 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, November 29, 2011.

Chief Judge

Associate Judge

Associate Judge